# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| **FEBRUARY 2021** | **001562** |
| E-Filing Number: 2102030669 | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| MICHAEL MACALUSO | APPLE INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 122 SLAYMAKER RD<br>MILFORD PA 18337 | 1 INFINITE LOOP MS: 38-3TX<br>CUPERTINO CA 95014 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | [X] Complaint    [ ] Petition Action    [ ] Notice of Appeal<br>[ ] Writ of Summons    [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 1G - SUBROGATION ACTION |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY**<br>FEB **17** 2021<br>A. SILIGRINI | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES        NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: MICHAEL MACALUSO

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| KENNETH B. GREAR | DE LUCA LEVINE, LLC<br>THREE VALLEY SQUARE<br>SUITE 220<br>BLUE BELL PA 19422 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)383-0081 | (215)383-8008 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 81608 | kgrear@delucalevine.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| KENNETH GREAR | Wednesday, February 17, 2021, 11:36 am |

FINAL COPY (Approved by the Prothonotary Clerk)

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

Filed and Attested by the
Office of Judicial Records
17 FEB 2021 11:36 am
A. SILIGRINI

| | |
|---|---|
| MICHAEL MACALUSO<br>122 Slaymaker Road<br>Milford, PA 18337<br>        Plaintiff<br><br>        v.<br><br>APPLE INC.<br>1 Infinite Loop<br>MS: 38-3TX<br>Cupertino, CA 95014<br><br><br>        Defendant | FEBRUARY  TERM 2021<br><br>CASE NO.:<br><br>MAJOR CASE<br><u>JURY TRIAL DEMANDED</u> |

## NOTICE TO DEFEND

You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

## AVISO

Le han demandado a usted en la corte.  Si used quiere defenderse de estas demandas expuestas en las paginas siquientes, used tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado qui si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTS.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO.  VAYA

EN PERSONA O LLAMEPOR TELEFONO A LA OFICINA CUYA DIRECCION SE
ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PURDE CONSEQUIR.

**Philadelphia Bar Association**
**Lawyer Referral and Information Service**
**One Reading Center**
**Philadelphia, Pennsylvania 19107**
**(215) 238-6333**
**TTY (215) 451-6197**

2

Case ID: 210201562

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | |
|---|---|
| **MICHAEL MACALUSO**<br>**122 Slaymaker Road**<br>**Milford, PA 18337**<br>    **Plaintiff**<br><br>    v.<br><br>**APPLE INC.**<br>**1 Infinite Loop**<br>**MS: 1042TX**<br>**Cupertino, CA 95014**<br><br>    **Defendant** | **FEBRUARY TERM 2021**<br><br>**CASE NO.:**<br><br>**MAJOR CASE**<br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Michael Macaluso, by and through his undersigned attorneys, hereby submits his Complaint against Defendant, Apple Inc., and in support thereof avers as follows:

## PARTIES

1.    Plaintiff Michael Macaluso ("Plaintiff") is an adult individual who resided at 122 Slaymaker Road, Milford, PA 18337 (the "subject property") at all times relevant hereto.

2.    At all times relevant hereto, Defendant, Apple Inc. ("Apple" or "Defendant"), upon information and belief, was and is a California corporation with its principal place of business located at 1 Infinite Loop, MS: 1042TX, Cupertino, CA.

3.    Apple is in the business of designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing, programming and/or updating iPads, and component parts, including the Apple iPad, Serial DMTZLGCTMF3M (the "subject iPad") at issue in the instant case.

3

## STATEMENT OF FACTS

4.    Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

5.    Prior to March 2, 2020, Defendant designed, manufactured, tested, inspected, assembled, marketed, sold, distributed, programmed, updated, and placed into the stream of commerce the subject iPad that was equipped with an electrical system, battery system containing lithium-ion batteries, as well as a software system that was capable of being remotely updated by Defendant even after the date of purchase.

6.    Prior to March 2, 2020, Plaintiff purchased the subject iPad.

7.    Prior to March 2, 2020, the subject iPad had the original operating system in place, as well expected authorized updates downloaded onto the iPad.

8.    Prior to March 2, 2020, Plaintiff operated and used the subject iPad in a foreseeable, normal, ordinary, and intended manner.

9.    On or about March 2, 2020, a fire erupted at the subject property as a direct result of an event internal to the electrical /battery system in the subject defective iPad.

10.    Alternatively, on or about March 2, 2020, a fire erupted at the subject premises as a direct result of one or more defects and/or malfunction in the subject iPad related to the electrical /battery system in the subject iPad .

11.    Prior to the fire, neither the subject iPad nor its electrical/battery system been modified, changed, altered, misused or abused by Plaintiff in any way beyond what was authorized, provided for or anticipated by Defendant after it had placed the subject iPad into the stream of commerce.

4

12.     The fire caused extensive damage to Plaintiff's real and personal property, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses and hardship besides.

13.     As a result of the aforementioned fire, Plaintiff sustained damages in an amount in excess of $50,000.00.

## COUNT I - STRICT PRODUCTS LIABILITY

### Plaintiff v. Apple, Inc.

14.     Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as if they were fully set forth at length herein.

15.     Defendant is engaged in the business of designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing, programming and/or updating iPads (which were equipped with an electrical system/battery system containing lithium-ion batteries, as well as a software system that was capable of being remotely updated by Defendant even after the date of purchase).

16.     Furthermore, Defendant specifically designed, manufactured, tested, inspected, assembled, marketed, sold, distributed, programmed, updated and placed into the stream of commerce the subject iPad at issue in this case, which was equipped with an electrical system/ battery system containing lithium-ion batteries, as well as a software system that was capable of being remotely updated by Defendant even after the date of purchase.

17.     The subject iPad was not modified, changed, altered, misused, or abused after Defendant placed the product into the stream of commerce.

18.     Defendant knew, and intended, that the subject iPad would be used by members of the general public, and furthermore knew of the specific uses, purposes and requirements for which

5

said iPad would be utilized, including that Defendant intended to authorize, facilitate and provide necessary future updates for the operating system and software installed on the iPad that might affect the operation of the subject iPad and its electrical system/battery system.

19.     Defendant designed, manufactured, tested, inspected, assembled, marketed, sold, distributed, programmed, updated, and placed into the stream of commerce the subject iPad in a defective and unreasonably dangerous condition, which ultimately led to a catastrophic failure and/or malfunction.

20.     Defendant knew, or should have known, that the iPad would, and did, reach Plaintiff without substantial change in the condition in which it was originally selected and sold.

21.     The subject iPad was not altered in any manner that caused or contributed to the fire after the product originally left the possession of Defendant (other than as authorized, recommended and/or facilitated by Defendant).

22.     Plaintiff, a consumer, operated the iPad in a foreseeable, normal, ordinary and intended manner at all relevant times.

23.     The fire and its resulting property damage were caused by the defective and unreasonably dangerous condition of the subject iPad at the time it left the hands of Defendant, including design defects, manufacturing defects, programming defects, and improper warnings/instructions and/or malfunction.

24.     The fire and its resulting property damage were caused by the defective and unreasonably dangerous condition of the product, including design defects, manufacturing defects, programming defects, and improper warnings/instructions and/or malfunction.

25.     The aforementioned defects, and/or unreasonably dangerous conditions, existed at the time Defendant placed the subject iPad into the stream of commerce and were foreseeable then;

6

as well as after, when Defendant may have facilitated the updating of the subject iPad's operating system and software.

26.     The subject iPad was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community of its characteristics.

27.     The probability of injury times the gravity of injury under the design of the subject iPad was and is more than the cost of an alternative reasonable design plus the diminished utility resulting from modifying the design.

28.     Common experience teaches that the fire would not have occurred in the subject iPad in the absence of such a defective and unreasonably dangerous condition.

29.     The foreseeable risks associated with the design of the subject iPad exceed all benefits.

30.     The defective and unreasonably dangerous conditions of the subject iPad were direct and proximate causes of the damages sustained by Plaintiff.

31.     The defective and unreasonably dangerous conditions of the subject iPad proximately caused a fire to occur at the subject property, which resulted in damages to Plaintiff; thus, Defendant is strictly under Section 402A of the Restatement (2d) of Torts, and Pennsylvania's applicable case law.

32.     The fire that occurred in the subject product and the subsequent damage to real and personal property, was caused by and resulted from the negligent, carelessness, reckless and grossly negligent acts and/or omissions of Apple, acting by and through its respective agents, servants and/or employees in the course and scope of their employment, through which Defendant

7

is strictly liable under Section 402A of the Restatement (2d) of Torts, and Pennsylvania's applicable case law, by reason of:

a.  designing, assembling, manufacturing, selling, testing, distributing and/or marketing a defective product, the subject iPad, which Apple knew or should have reasonably known would subject Plaintiff to an unreasonable risk of harm;

b.  designing, assembling, manufacturing, selling, testing, distributing and/or marketing a defective product, the subject iPad, which Apple knew or should have reasonably known would endanger the real and personal property of Plaintiff;

c.  failing to select safe and adequate components of the subject iPad;

d.  failing to properly and adequately warn of the limitations of the subject iPad;

e.  failing to provide adequate and sufficient warnings with respect to the subject iPad which thereby rendered the subject iPad defective and unreasonably dangerous;

f.  failing to distribute and/or supply a product that was safe of its reasonably foreseeable use and intended purpose;

g.  designing, assembling, manufacturing, selling, testing, distributing and/or marketing a defective product, the subject iPad, that was not reasonably fit, suitable or safe for its intended purpose;

h.  failing to properly test and inspect the subject iPad at the time it left the control of Defendant;

i.  failing to manufacture, assemble and/or design the subject iPad in a manner sufficient to prevent fire;

j.  failing to comply with all local, state and federal codes, regulations, ordinances, standards, recommendations and/or requirements;

k.  selling, distributing and/or marketing a defective iPad;

l.  otherwise failing to act reasonably under the circumstances; and

failing to identify and design out foreseeable use hazards and failure hazards in general.

8

33.     As a direct and proximate result of Defendant Apple's aforementioned acts and/or omissions for which Apple is strictly liable, the Plaintiff sustained and incurred damage to his/their real and personal property, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses in an amount in excess of $50,000.00.

34.     For these reasons, Defendant is strictly liable to Plaintiff as a result of the aforementioned fire wherein Plaintiffs sustained damages in an amount well in excess $50,000.00.

**WHEREFORE**, Plaintiff Michael Macaluso respectfully requests judgment against Defendant, Apple Inc., in an amount in excess of $50,000.00, plus costs incident to this suit, delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT II – NEGLIGENCE

### Plaintiff v. Apple, Inc.

35.     Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as if they were fully set forth at length herein.

36.     Defendant owed a duty of reasonable care to purchasers/users/consumers and the like with regard to the designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing, programming, updating, and placing into the stream of commerce the subject iPad; and breached said duty.

37.     Defendant knew, and intended, that the subject iPad would be used by members of the general public/consumers and furthermore knew of the specific uses, purposes and requirements for which said product would be utilized, including that Defendant intended to authorize, facilitate and provide necessary future updates for the operating system and software

9

installed on the iPad would negatively affect the operation of the subject iPad and its battery system.

38.   When the subject iPad was distributed and sold, Defendant was aware that the subject iPad could be updated remotely with authorized software and operating system updates, and it is likely that Defendant intended to facilitate such updates and, in fact, did facilitate such programming updates.

39.   The aforementioned damages were the direct and proximate result of the negligence and careless conduct and/or acts or omissions of Defendant, by and through its employees, agents, technicians, vendors, subcontractors, suppliers and/or servants, more specifically failing to exercise reasonable care described as follows:

> a. carelessly and negligently failing to design, manufacture, test, inspect, assemble, market, sell, distribute, program, update and/or place into the stream of commerce a properly functioning and defect-free iPad, which after reasonable and foreseeable use malfunctioned and/or catastrophically failed;
>
> b. carelessly and negligently failing to properly design, manufacture, test, inspect, assemble, market, sell, distribute, program, update and/or place into the stream of commerce the subject iPad free from defects, including but not limited to batteries and an electrical system/battery system capable of functioning in a safe and appropriate manner – originally, as well as after Defendant may have facilitated authorized updates to the operating system and software of the subject iPad;
>
> c. carelessly and negligently failing to properly determine that the iPad, including its component parts, were not in a safe condition, and free of all material defects, including but not limited to batteries and an electrical system/battery system system capable of functioning in a safe and appropriate manner – originally, as well as after Defendant may have facilitated authorized updates to the operating system and software of the subject iPad;

10

d. carelessly and negligently designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing, programing, updating and/or placing into the stream of commerce the subject iPad when it knew, or should have known, that the product was unsafe and unfit for its intended use, including but not limited to batteries and an electrical system/battery that was unsafe and unfit – originally and after Defendant may have facilitated authorized updates to the operating system and software of the subject iPad;

e. carelessly and negligently designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing, programing, updating and/or placing into the stream of commerce the subject iPad when Defendant knew, or should have known, that the product would be inadequate for the reasons for which it was purchased – originally and after Defendant may have facilitated authorized updates to the operating system and software of the subject iPad;

f. carelessly and negligently designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing, programing, updating and/or placing into the stream of commerce the subject iPad that had unreasonably dangerous electrical system/battery components (and/or programming as to the use of such components) that caused the product to catastrophically fail and/or malfunction - originally and after Defendant may have facilitated authorized updates to the operating system and software of the subject iPad;

g. carelessly and negligently designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing, programing, updating and/or placing into the stream of commerce the subject iPad that had unreasonably dangerous electrical system/battery components (and/or programming as to the use of such components) that caused the product to catastrophically fail and/or malfunction - originally and after Defendant may have facilitated authorized updates to the operating system and software of the subject iPad;

h. carelessly and negligently designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing, programing, updating and/or placing into the stream of commerce a dangerous and defective iPad that Defendant knew, or reasonably should have known, exposed users to an unreasonable risk of harm - originally and after Defendant

11

may have facilitated authorized updates to the operating system and software of the subject iPad;

i.   carelessly and negligently failing to properly and adequately design, manufacture, test, inspect, assemble, market, sell, distribute, program and/or update the subject iPad prior to introducing the product into the stream of commerce and/or after facilitating authorized updates to the operating system and software of the subject iPad and altering the functioning of the iPad, including but not limited to the electrical system/battery system;

j.   carelessly and negligently failing to provide adequate and sufficient warnings and instructions with respect to the product, which rendered it defective and unreasonably dangerous - originally and after Defendant may have facilitated authorized updates to the operating system and software of the subject iPad;

k.   carelessly and negligently authorizing, recommending, programming and facilitating updates to the operating system and software so as to allow them to be downloaded to the subject iPad which altered the functioning of the iPad, including but not limited to the rlectrical system/battery system;

l.   carelessly and negligently authorizing, recommending, programming and facilitating updates to the operating system and software that Defendant knew, or should have known, rendered the product unsafe and unfit for its intended use;

m.  carelessly and negligently authorizing, recommending, programming and facilitating updates to the operating system and software that Defendant knew, or should have known, were not free from defects and were not compatible with the iPad and/or battery system already installed on the subject iPad; and/or

n.   carelessly and negligently failing to provide adequate and sufficient warnings and instructions with respect to the authorized updates to the operating system and software and the impact on the subject iPad and the electrical system/battery system, which rendered it defective and unreasonably dangerous at the time of sale.

12

40.     As a direct and proximate result of Defendant's aforementioned negligent and careless actions and/or omissions, the aforementioned fire occurred and Defendant is liable to Plaintiff for the damages sustained.

41.     For these reasons, Defendant is liable to Plaintiff as a result of the aforementioned fire, for which Plaintiff sustained damages in an amount in excess of $50,000.00.

**WHEREFORE**, Plaintiff Michael Macaluso respectfully requests judgment against Defendant, Apple Inc., in an amount in excess of $50,000.00, plus costs incident to this suit, delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

<u>**COUNT III – BREACH OF EXPRESS and/or IMPLIED WARRANTIES**</u>

<u>**Plaintiff v. Apple, Inc.**</u>

42.     Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as if they were set forth at length herein.

43.     The design, manufacture, testing, inspecting, assembling, marketing, selling, distributing, programming, updating and/or placing into the stream of commerce of the subject iPad was not performed in a professional, competent, and workmanlike manner for the reasons set forth herein, and as such posed a hazard to Plaintiff and his property.

44.     In conjunction with the design, manufacture, testing, inspecting, assembling, marketing, selling, distributing, programming, updating and/or placing into the stream of commerce of the subject iPad, Apple expressly and impliedly warranted that the product would be free from defects and safe to use for its intended purpose. Plaintiff, relied upon the warranties set forth by Apple to his detriment.

13

Case ID: 210201562

45.     Apple breached these warranties because the subject iPad was not free of defects, was not of merchantable quality, and was not fit for the purposes for which it was intended.

46.     Plaintiff has performed all conditions precedent to recover based upon such breaches.

47.     Plaintiff's damages occurred as a direct result of Apple's breach of its implied warranties of fitness for a particular purpose and merchantability as set out in 13 Pa. C.S.A.§2-315 and §2-314(c), and as a result of Apple's breach of its expressed/implied warranties in violation of 13 Pa.C.S.A. §2-313, as well as the express and implied warranties set forth in the warranties included at the time of purchase of the product, and/or any time prior or subsequent thereto.

48.     Plaintiff, a consumer used the subject iPad in a foreseeable and ordinary manner, of which Defendant should have been aware, and for which Defendant's expertise was relied upon; yet Plaintiff sustained the damages described herein due to the defects, breaches and negligence described above.

49.     As a direct and proximate result of Apple's aforementioned warranty breaches (express and/or implied), for which Apple is liable, the Plaintiff sustained and incurred damage to his/their real and personal property, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses in an amount in excess of $50,000.00.

**WHEREFORE,** Plaintiff Michael Macaluso respectfully requests judgment against Defendant, Apple Inc., in an amount in excess of $50,000.00, plus costs incident to this suit, delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

14

Case ID: 210201562

de LUCA LEVINE LLC

BY:  /s/ Kenneth B. Grear
    KENNETH B. GREAR,
    PA ID No.: 081608
    512 Township Line Road, Suite 220
    Blue Bell, PA  19422
    Phone:  (215) 383-0081
    Fax:  (215) 383-0082
    E-Mail:  kgrear@delucalevine.com
    ATTORNEYS FOR PLAINTIFF
    MICHAEL MACALUSO

Dated:  February 27, 2021

15

2:21-cv-01361-GEKP   Document 1-4   Filed 03/22/21   Page 18 of 18

## VERIFICATION

    I, Beth Brogan, under the penalties of perjury, state that I am a representative of Allstate Vehicle and Property Insurance Company, that I am authorized to make this verification on behalf of Allstate, that I have read the Complaint; that I do not have, and am informed that no single officer or agent of Allstate has personal knowledge of all matters set forth in the Complaint; that the Complaint was prepared by counsel from information provided by myself and certain employees from Allstate who were designated to assemble such material and are based on their personal knowledge or that of other persons who were consulted and on examination of records maintained by Allstate during the regular course of business; and that upon information and belief the Complaint is true and correct to the best of my knowledge after due inquiry.


*Beth Brogan*
_____

Signed under penalty of perjury this 17 day of February, 2021


Case ID: 210201562