**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**MICHAEL MACALUSO**
**122 Slaymaker Road**
**Mildford, PA 18337**

        *Plaintiff,*

  **v.**

**APPLE INC.**
**1 Infinite Loop**
**MS:38-3TX**
**Cupertino, CA  95014**

       *Defendant.*

**CASE NO.: 2:21-cv-01361-GEKP**

**DEFENDANT APPLE INC.'S MEMORANDUM IN
<u>SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT</u>**

## TABLE OF CONTENTS

**Page**

I.  Introduction.................................................................................................1

II. Statement of Facts.......................................................................................2

III. Argument ...................................................................................................5

    A.  The Summary Judgment Standard.........................................................5

    B.  If The Court Precludes Either Mr. Klitsch's Or Mr. Eskra's Opinions
        Under Rule 702, Apple Is Entitled To Summary Judgment On All Claims...........6

        1.  Plaintiff cannot exclude the stovetop burner as the cause of the fire
            without Mr. Klitsch's testimony. .................................................6

        2.  Plaintiff cannot prove that a defect in the subject iPad caused the
            fire at issue without Mr. Eskra's testimony. ................................8

    C.  The Undisputed Evidence Establishes That The Stovetop Burner Caused
        The Fire...................................................................................10

    D.  Apple Is Entitled To Summary Judgment On Plaintiff's Causes of Action
        For Additional, Independent Reasons...................................................13

        1.  There is no evidence of a manufacturing defect. .....................................13

        2.  Plaintiff offers no evidence of reasonable alternative design. .................13

        3.  The Apple One (1) Year Limited Warranty expressly and
            conspicuously disclaims all implied warranties and limits any non-
            disclaimed warranties to one year............................................14

IV. Conclusion ................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Eagle Outfitters v. Lyle & Scott Ltd.*,
    584 F.3d 575 (3d Cir. 2009)..................................................................................5

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)..........................................................................................12

*Betts v. New Castle Youth Dev. Ctr.*,
    621 F.3d 249 (3d Cir. 2010)................................................................................12

*Breidor v. Sears, Roebuck and Co.*,
    722 F.2d 1134 (3d Cir. 1983)...............................................................................7

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)............................................................................................5

*Chandler v. L'Oreal USA, Inc.*,
    340 F. Supp. 3d 551 (W.D. Pa. 2018)..................................................................8

*Gaskin v. Sharp Elecs. Corp.*,
    No. 2:05-CV-303, 2007 U.S. Dist. LEXIS 65532 (N.D. Ind. Aug. 31, 2007).......10

*Hoefling v. U.S. Smokeless Tobacco Co., LLC*,
    No. CV 19-3847, 2021 U.S. Dist. LEXIS 242783, __ F. Supp. 3d __ (E.D. Pa.
    Dec. 21, 2021)...................................................................................................12

*Indem. Ins. Co. of N. Am. v. Gross-Given Mfg. Co.*,
    No. CIV. A. 08-3, 2010 U.S. Dist. LEXIS 2258 (E.D. Pa. Jan. 11, 2010) .........8, 10

*Kenney v. Watts Regulator Co.*,
    512 F. Supp. 3d 565 (E.D. Pa. 2021) ..............................................................14, 16

*Kordek v. Becton, Dickinson & Co.*,
    921 F. Supp. 2d 422 (E.D. Pa. 2013) ................................................................13

*Mack Trucks Inc. v. BorgWarner Turbo Sys., Inc.*,
    508 F. App'x 180 (3d Cir. 2012) .......................................................................16

*Minkler v. Apple, Inc.*,
    65 F. Supp. 3d 810 (N.D. Cal. 2014) .................................................................14

*Oddi v. Ford Motor Co.*,
    234 F.3d 136 (3d Cir. 2000).................................................................................9

*Olson v. Gen. Elec. Astrospace*,
   101 F.3d 947 (3d Cir. 1996)...........................................................................5

*Propert v. Flanagan*,
   120 A. 783 (Pa. 1923) .....................................................................................7

*Schmidt v. Currie*,
   217 F. App'x 153 (3d Cir. 2007) ....................................................................5

*State Farm Fire & Cas. Co. v. Cohen*,
   No. 19-1947, 2020 U.S. Dist. LEXIS 163681 (E.D. Pa. Sep. 8, 2020) ...........5, 8, 12

*State Farm Fire & Cas. Co. v. Gopher Baroque Enters.*,
   No. 09-322, 2010 U.S. Dist. LEXIS 137238  (E.D. Pa. Dec. 29, 2010)...........7, 9, 12

*State Farm Fire & Cas. Co. v. Steffen*,
   948 F. Supp. 2d 434 (E.D. Pa. 2013) ........................................................7, 10, 11

*In re: TMI Litig.*,
   193 F.3d 613 (3d Cir. 1999)..........................................................................12

**Statutes**

13 Pa.C.S. § 2316(b)
   .............................................................................................................14

Cal. Com. Code § 2316(2)
   .............................................................................................................15

**Rules**

Fed. R. Civ. P. 56(a)
   ..............................................................................................................5

Fed. R. Civ. P. 56(c)
   ..............................................................................................................5

Fed. R. Civ. P. 56(e)
   ..............................................................................................................5

Fed. R. Evid. 702
   ...........................................................................................................6, 7

Pennsylvania Rule of Civil Procedure 2002(d)
   ..............................................................................................................3

**Other Authorities**

Ahrens Marty *et al.*, *Home Structure Fires*, NFPA (Oct. 2021) (available at
https://www.nfpa.org/News-and-Research/Data-research-and-tools/Building-
and-Life-Safety/Home-Structure-Fires (last visited Apr. 25, 2022)........................................11

## I.      Introduction

This products liability subrogation action arises out of a kitchen fire on March 2, 2020. The cause of the fire is clear:  the stovetop burner was found in a medium-high "on" position with combustible cardboard packaging materials melted to the stovetop.   Notwithstanding these undisputed facts, Plaintiff claims that the fire somehow instead was caused by a defect in an Apple iPad Air 2 belonging to his fiancée (the "subject iPad") and brings claims for strict products liability, negligence, and breach of warranty.   Defendant Apple Inc. ("Apple") is entitled to summary judgment as to all claims for the following reasons:

*First*, as Apple argues in its Motion to Exclude Testimony of Michael Eskra and David Klitsch (the "*Daubert* Motion") filed contemporaneously herewith, Plaintiff has no competent expert evidence to carry Plaintiff's burden to prove that (1) there was a defect in the subject iPad and (2) the defect was the cause of the fire, including by ruling out all other reasonable alternative causes.  In a lawsuit alleging that a house fire was caused by a complex technology like an iPad Air 2, this deficiency entitles Apple to judgment as a matter of law.  In other words, the exclusion of either Mr. Eskra—who purports to opine on the existence of a defect—or Mr. Klitsch—who purports to opine on the origin of the fire—dooms Plaintiff's case.

*Second*, and independent of the outcome of the *Daubert* Motion, Apple is entitled to summary judgment because no reasonable jury could conclude that anything other than the stovetop covered in melted cardboard packaging and with the left rear burner left unattended in the "on" position caused the fire.  As Plaintiff's fire investigator Mr. Klitsch admits, the undisputed physical evidence places the origin of the fire at the stovetop burner.  Similarly, the testing performed by Apple's experts and Mr. Klitsch himself establish that an iPad Air 2 lacks sufficient energy to ignite a cardboard box even when all of the battery's energy is suddenly released.  The

only reasonable conclusion based on the record evidence is that the fire was caused by the unattended stovetop burner, and not the subject iPad.

*Third*, Plaintiff's claims suffer from additional defects that compel judgment in favor of Apple. As to the manufacturing-defect claims, Mr. Eskra—Plaintiff's only expert to opine about the subject iPad—admits that there was no manufacturing defect in the subject iPad, plainly foreclosing this cause of action. As to the strict liability design-defect claim, Plaintiff's expert makes no attempt to establish an alternative design of the iPad Air 2, flunking this essential showing. And as to the breach of warranty claim, the Apple Limited Warranty distributed with the subject iPad expressly, conspicuously, and indisputably disclaims all implied warranties. The Limited Warranty also limits all non-disclaimed warranties to one year, which warranty period elapsed years before the fire at issue in this case.

For these reasons and as is set forth more fully below, Apple respectfully requests that the Court grant Apple's motion for summary judgment and enter judgment in Apple's favor on all of Plaintiff's causes of action.

## II.   Statement of Facts

Plaintiff purchased the subject iPad in 2016 and gave it to his fiancée as a gift. UMF 1.[1] The Apple One (1) Year Limited Warranty (the "Limited Warranty") applicable to the subject iPad expressly and conspicuously disclaims all other express and implied warranties and limits any warranties not disclaimed to one year. UMF 2.

On the morning of March 2, 2020, a fire broke out in the kitchen at Plaintiff's home. UMF 3. The fire, which was contained to the area of the kitchen near the stovetop, caused moderate

---

[1]      "UMF __" refers to the corresponding undisputed material fact set forth in Apple's separate statement filed contemporaneously herewith.

smoke damage to the rest of the house.  *Id.*  The "V pattern"—the term of art used to describe the markings on building materials created by fire and smoke exposure that are used to determine the area of origin of a fire—observed in the kitchen after the fire includes the left rear stovetop burner. UMF 4.

On March 5 and March 31, 2020, David Klitsch, a fire investigator working on behalf of the subrogating insurance company, Allstate,[2] collected the remains of the Subject iPad, the electric stovetop, and other artifacts from the kitchen.  Ex. D, Tr. of David Klitsch ("Klitsch Tr.") at 82:20-83:11, 85:10-20.

Allstate and Apple conducted a joint artifact inspection on June 24, 2020, during which they determined that the left rear burner of the stovetop was in the "on" position at a medium-high setting.  UMF 5.  The control knobs for the stovetop burners are operated on a "push-to-turn" basis, meaning that a user must manually push in the knob to be able to turn it and set any burner to the "on" position.  UMF 6.  The evidence also revealed burned remains of a cardboard multi-pack box of potato chips on and around the stovetop, including portions melted to the stovetop itself.  UMF 7.  An unattended burner is a competent ignition source for a cardboard box of the type found on and around and melted to the stovetop.  UMF 8.

Plaintiff disclosed three experts in this case:  David Klitsch, Frank Ferrese, and Michael Eskra.  UMF 9, 12, 14.  Mr. Klitsch is a fire investigator who opines that the area of origin was the countertop immediately adjacent to, but not including, the stovetop.  UMF 9.  Mr. Klitsch further opines that the control for the left rear burner on the stovetop was turned on by falling debris that somehow bypassed the "push-to-turn" operation of the control's knob during the fire.  *Id.*  Mr.

---

[2]     Allstate is the real party in interest in this lawsuit but, pursuant to Pennsylvania Rule of Civil Procedure 2002(d), the subrogee (Michael Macaluso) is the named plaintiff.

Klitsch is the only expert in this case who opines that the area of origin of the fire did not include the stovetop burner.  UMF 10.  He admits, however, that his opinion is contrary to the objective physical evidence, including the "V pattern" observed after the fire.  UMF 4, 9-10; Klitsch Tr. at 199:3-201:104.  In an attempt to bolster his opinions after the expert disclosure and rebuttal report deadline, Mr. Klitsch conducted a test whereby he held an open lighter flame to a cardboard box of snack foods for one minute and fourteen seconds before the box ignited.  UMF 11.

Dr. Ferrese is an electrical engineer who opines that all of the items except for the subject iPad found in Mr. Klitsch's confined area of origin can be excluded as causes of the fire.  UMF 12.  Dr. Ferrese was able to exclude all alternative sources of the fire only because he did not consider the stovetop burner as a potential cause that would need to be ruled out.  *See* UMF 12-13.  Dr. Ferrese's decision to exclude the stovetop burner from consideration was based entirely on Mr. Klitsch's opinion that the stovetop was not in the area of origin of the fire.  *See* UMF 12.  At deposition, Dr. Ferrese admitted that, if the area of origin extended a few inches farther to include the stovetop burner, then Dr. Ferrese would be unable to exclude the burner as a competent ignition source.  UMF 13.

Mr. Eskra holds himself out as a battery expert and opines that there was a design defect in the subject iPad's battery management system that caused one of the device's battery cells to short circuit and start the fire.  UMF 14.  Mr. Eskra is the only expert retained by Plaintiff who opines as to any alleged defect in the subject iPad.  UMF 15.  He concedes that there were no manufacturing defects in the subject iPad.  UMF 16.  Mr. Eskra also testified that he has no opinions as to any reasonable alternative design of the subject iPad.  UMF 17.

Apple disclosed two engineering and fire investigation experts, Dr. Donald Hoffmann and Erik Swonder.  UMF 18.  Dr. Hoffman and Mr. Swonder opine that the subject fire resulted from

cardboard snack packaging was improperly set on the stovetop while the stovetop was turned on to medium-high heat and left unattended. *Id.* In response to Mr. Klitsch's post-disclosure testing, Dr. Hoffmann conducted a test in which he forced an iPad Air 2 device to undergo a battery thermal event. UMF 19. Dr. Hoffman's testing demonstrated that the device did not emit any flames or create sufficient energy to ignite cardboard snack packaging during a sudden release of all energy stored in the battery. *Id.*

## III.   Argument

### A.   The Summary Judgment Standard.

Courts must grant a motion for summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). As the Supreme Court has instructed, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

After the movant has met its burden to show the absence of a genuine issue of material fact, "[t]he burden then shifts to the non-moving party, who 'may not rest on the mere allegations or denials of the adverse party's pleading … but must set forth specific facts showing that there is a genuine issue for trial.'" *Schmidt v. Currie*, 217 F. App'x 153, 155 (3d Cir. 2007) (quoting Fed. R. Civ. P. 56(e)). "In order to demonstrate the existence of a genuine issue of material fact, the nonmovant must supply sufficient evidence (not mere allegations) for a reasonable jury to find for the nonmovant." *Olson v. Gen. Elec. Astrospace*, 101 F.3d 947, 951 (3d Cir. 1996) (citation omitted). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts," unless those facts are material and the dispute is genuine. *State Farm Fire & Cas.*

*Co. v. Cohen*, No. 19-1947, 2020 U.S. Dist. LEXIS 163681, at *11 (E.D. Pa. Sep. 8, 2020) (quoting *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 581 (3d Cir. 2009)).

   **B.**    **If The Court Precludes Either Mr. Klitsch's Or Mr. Eskra's Opinions Under Rule 702, Apple Is Entitled To Summary Judgment On All Claims.**

Plaintiff's case hinges on the opinions of Mr. Klitsch and Mr. Eskra. Dr. Ferrese, Plaintiff's expert tasked with ruling out all other potential causes of the fire, fails to even consider the stovetop burner in rendering his opinions. UMF 12-13. At his deposition, however, Dr. Ferrese conceded that the *only* reason that he ignores the stovetop burner is because he relies upon Mr. Klitsch's crabbed area of origin that abruptly terminates inches from the burner. *See id*. Tellingly, Dr. Ferrese further testified that, if the area of origin includes the stovetop burner, then he cannot exclude it as the cause of the fire. UMF 13. He also conceded that he has no opinions regarding any supposed defect in the subject iPad. *See* UMF 15.

Accordingly, Plaintiff cannot prevail without *both* Mr. Klitsch's testimony *and* Mr. Eskra's testimony. As explained in Apple's *Daubert* Motion, the opinions of Mr. Klitsch and Mr. Eskra fail to satisfy Rule 702 of the Federal Rules of Evidence and thus are inadmissible. If the Court grants the *Daubert* Motion and precludes either or both witnesses from presenting their unreliable opinions to the jury, Apple is entitled to summary judgment on this basis alone: Plaintiff will be unable to prove either that there was a defect in the subject iPad, or that any such defect—and not the stovetop burner that was left on and unattended—caused the fire at issue.

   **1.**    Plaintiff cannot exclude the stovetop burner as the cause of the fire without Mr. Klitsch's testimony.

The experts for both parties confirmed at the joint artifact inspection that the left rear burner of the stovetop was on at the time of the fire. UMF 5. They also found the remains of a cardboard multi-pack box of potato chips on the stovetop. UMF 7. It is undisputed that an unattended burner is a competent ignition source for the cardboard box that was found on and around the stovetop.

UMF 8.  Thus, the standard governing fire investigations and Pennsylvania law both mandate that, as a matter of law, Plaintiff must rule out the stovetop burner as a cause of the fire in order to carry Plaintiff's burden to prove causation.

To determine to a reasonable degree of scientific certainty that a particular item caused a fire, the National Fire Protection Association ("NFPA") 921 standard expressly instructs an investigator to "consider[] and eliminate[]" "*all* credible alternate origin hypotheses."  NFPA 921, § 18.7 (emphasis added).  NFPA standards thus instruct a fire investigator to "document the facts that support the origin determination *to the exclusion of all other potential origins*."  *Id.* (emphasis added).  And for good reason:  the failure to eliminate alternative causes is "a serious error" that could compromise the propriety of any scientific inquiry.  *Id.*  Consistent with NFPA guidelines, the Pennsylvania Supreme Court long has imposed the same requirement to establish the cause of a fire:  "If there are other independent causes present from which the fire might have originated, the plaintiff must show defendant's acts or omission produced the injury; *the other possible causes must be eliminated*."  *Propert v. Flanagan*, 120 A. 783, 783 (Pa. 1923) (emphasis added) (citations omitted); *see also State Farm Fire & Cas. Co. v. Steffen*, 948 F. Supp. 2d 434, 439 (E.D. Pa. 2013) (citing *Propert*).  Thus, where, as here, the plaintiff fails to rule out all reasonable alternative causes, the plaintiff as a matter of law fails to prove the cause of the fire.  *See Steffen*, 948 F. Supp. 2d at 443 (granting summary judgment to defendant where expert failed to comply with NFPA 921 because he "did not consider all available evidence and alternate hypotheses"); *cf. State Farm Fire & Cas. Co. v. Gopher Baroque Enters.*, No. 09-322, 2010 U.S. Dist. LEXIS 137238, at *16-17 (E.D. Pa. Dec. 29, 2010) (Pratter, J.) (endorsing "expert testimony as to a fire's cause … [that] identifies the cause of a fire in terms of probabilities (as opposed to mere possibilities) by

eliminating all but one reasonable potential cause'") (quoting *Breidor v. Sears, Roebuck and Co.*, 722 F.2d 1134, 1138 (3d Cir. 1983) (alterations in original)).

Faced with the incontrovertible facts that the left rear stovetop burner was found to be "on" and in proximity to combustible cardboard material, Plaintiff turns to Mr. Klitsch to opine that the area of origin somehow does *not* include the burner. UMF 5, 7-9. This is a transparent attempt to remove that credible ignition source from the causation calculus. Dr. Ferrese relies upon Mr. Klitsch's opinion to avoid consideration of the stovetop burner—which he admits he could not otherwise exclude as a potential cause of the fire. *See* UMF 12-13. Plaintiff's other expert, Mr. Eskra, testified that his understanding from the physical evidence is that the area of origin *includes* the stovetop. *See* UMF 4, 10; Ex. F, Tr. of Dep. of Michael Eskra ("Eskra Tr.") at 186:10-17. Thus, if Mr. Klitsch's opinions are precluded, Plaintiff is unable to exclude the stovetop as a "credible alternate origin" of the fire at issue, and Apple is entitled to summary judgment. *See Indem. Ins. Co. of N. Am. v. Gross-Given Mfg. Co.*, No. CIV. A. 08-3, 2010 U.S. Dist. LEXIS 2258, at *7-8 (E.D. Pa. Jan. 11, 2010) ("The Court finds that the cause and origin of this fire are undetermined. There are several possible points of origin of this fire ....").

2.   Plaintiff cannot prove that a defect in the subject iPad caused the fire at issue without Mr. Eskra's testimony.

Similarly, if the Court precludes Mr. Eskra's unreliable opinions, Apple is entitled to summary judgment because Plaintiff has no other expert who opines as to any defect in the subject iPad. UMF 15.

Regardless of the particular theory of liability, any claim sounding in products liability must prove the existence of a defect and that the defect was the cause of the injury. *See*, *e.g.*, *Chandler v. L'Oreal USA, Inc.*, 340 F. Supp. 3d 551, 561 (W.D. Pa. 2018) ("In order for Plaintiff to prevail on her strict liability, negligence, and breach of implied warranty claims, it is her burden

to demonstrate that the [product] was defective.") (citations omitted).  And it is well established that in cases involving fires, "expert testimony must opine to a reasonable degree of certainty as to the cause and origin of the fire."  *Cohen*, 2020 U.S. Dist. LEXIS 163681, at *19-20 (citations omitted); *see also, e.g.*, *Oddi v. Ford Motor Co.*, 234 F.3d 136, 159 (3d Cir. 2000) ("[E]xpert evidence is generally required in a products liability case where a defect is alleged[.]").  Indeed, this Court recognized this very principle in a case alleging a house fire caused by a defect in a dishwasher, explaining that, "[w]here the cause of an injury is arguably complex, a party must produce expert testimony on causation to survive a motion for summary judgment."  *Gopher Baroque Enters.*, 2010 U.S. Dist. LEXIS 137238, at *16 (citing *Oddi*, 234 F.3d at 159).  Just as here, "[a]bsent expert testimony, a reasonable jury cannot find from the evidence adduced that a manufacturing or design defect in the [device] at issue here caused the fire at issue."  *See id.* (citations omitted).

As explained in Apple's *Daubert* Motion, the Court should preclude Mr. Eskra's opinions because he is not qualified to offer opinions on any supposed defect in the subject iPad's battery management system and, in any event, his opinions are speculative and not based upon any reliable scientific methodology.  It is undisputed that Mr. Eskra is the only expert in this case who opines that the subject iPad was defective and caused the fire.  UMF 15.  Indeed, Mr. Klitsch and Dr. Ferrese both admit that they have no opinions at all regarding any alleged defect in the subject iPad.  *See id.*  Thus, without Mr. Eskra's testimony, Plaintiff cannot prove the essential elements of his claims:  that the subject iPad was defective and caused the fire.  Apple therefore is entitled to summary judgment.  *See*, *e.g.*, *Oddi*, 234 F.3d at 159 (where conclusions that a product is defective "are within the peculiar competence of experts" and the plaintiff's "'defect expert' does

not survive *Daubert* scrutiny, the district court properly granted summary judgment to [defendants]").

###### C.     The Undisputed Evidence Establishes That The Stovetop Burner Caused The Fire.

Even if the Court declines to preclude Mr. Klitsch and Mr. Eskra from testifying, their opinions are not sufficient for a reasonable jury to find that anything other than the stovetop burner caused the fire at issue. To find otherwise would mean that a cardboard box sitting atop a stovetop burner in the "on" position and within the area that the physical evidence identifies as the origin of the fire is not a reasonable alternative cause.

As another court in this District explained, one key piece of evidence in determining the area of origin of a fire is the V pattern of fire and smoke damage:

> Fire investigation typically begins by determining where a fire started ("origin"), before it is determined how it started ("cause"). In general, a fire spreads upward and outward, leaving a V-shaped mark on walls and surfaces affected by the fire. This mark is called a "V pattern," and is useful to fire investigators in determining origin. [Citation] The lowest point of a "V pattern" is suggestive of an origin.

*Gross-Given Mfg. Co.*, 2010 U.S. Dist. LEXIS 2258, at *5. NFPA 921 instructs fire investigators to consider the V pattern in determining the area of origin of the fire. *See* NFPA 921, §§ 18.2, 6.1.5, 6.3.20, 6.3.20.1.1; *Gaskin v. Sharp Elecs. Corp.*, No. 2:05-CV-303, 2007 U.S. Dist. LEXIS 65532, at *14 (N.D. Ind. Aug. 31, 2007) (expert's opinion reliable under NFPA 921 where he analyzed "burn patterns, noting a 'V pattern' on the wall extending upward and outward from the entertainment center").

Here, the V pattern observed in the kitchen after the fire plainly *includes* the stovetop burner. UMF 4. In fact, Mr. Klitsch admitted as much in his deposition. *See id.* He disregarded this physical evidence to shift his area of origin a few inches left based on Plaintiff's uncorroborated statement that the stovetop burner was off when he left his home on the morning

of the fire.  *See* UMF 9-10.  Mr. Klitsch's adjustment of his area of origin based on this uncritical acceptance of a witness statement runs afoul of NFPA 921's mandate that fire investigators apply the scientific method in considering all available evidence.   NFPA 921, §§ 18.2, 18.3.3.14, 18.6.1.1, 18.7.2; *see also Steffen*, 948 F. Supp. 2d at 446 (holding investigator's failure to follow NPFA 921 rendered conclusions unreliable).[3]  Accordingly, Mr. Klitsch's opinion as to the area of origin has no probative value and cannot defeat summary judgment.

The undisputed evidence that the left rear burner of the stovetop was in the "on" position and a cardboard box was on the stovetop (UMF 5, 7) further confirms that the fire started with the stovetop burner.  It is undisputed that the unattended stovetop burner adjacent to a cardboard box is a competent ignition source.  UMF 8.  In fact, Mr. Klitsch testified that, if it had been left on, the stovetop burner would have reached a temperature "[p]robably somewhere around 900 degrees," which plainly could ignite a cardboard product.  Klitsch Tr. at 111:12-14.

Likewise, Mr. Klitsch's convoluted speculation that the control for the burner was turned on by dishes falling from an adjacent overhead cabinet has no probative value.  As explained in Apple's *Daubert* Motion, that opinion lacks any factual basis, or even a basic explanation of how the control's "push-to-turn" safety feature might have been bypassed if it was, in fact, hit by falling debris.  Accordingly, even if Mr. Klitsch is permitted to offer this theory, it cannot create a genuine dispute of material fact to defeat summary judgment.

---

[3]     According to statistics published by the NFPA, "cooking" is "the leading cause of reported home structure fires," accounting for almost ½ of all home fires and 92% of all kitchen fires.  The vast majority of cooking fires are "caused by unsafe human behaviors, such as unattended cooking, abandoned material, combustibles too close to cooking equipment, … or equipment that was intentionally turned on or not turned off."  Ahrens Marty *et al.*, *Home Structure Fires*, NFPA (Oct. 2021) (available at https://www.nfpa.org/News-and-Research/Data-research-and-tools/Building-and-Life-Safety/Home-Structure-Fires (last visited Apr. 25, 2022)).

Nor can Mr. Eskra's opinions create a factual dispute in the face of the undisputed evidence in this case. In response to Mr. Klitsch's post-disclosure testing, Apple's experts conducted testing that proved that the subject iPad lacked sufficient energy to ignite a box of snacks (or any other item located at the fire scene) in a thermal event, and would not even have emitted any flames during such an event. UMF 19. Of course, this is unsurprising. If it took Mr. Klitsch over a minute of *continuously applying an open flame* to set a cardboard box on fire (UMF 11), it stands to reason that a battery thermal event lasting mere seconds in which no flame was emitted from the device could not ignite that same material.

Simply put, the notion that a lit and unattended stovetop burner with a cardboard box resting on top of it can be disregarded as the cause of a fire defies logic and is nothing more than an end-run around the accepted methodology for fire investigation. "If the evidence is merely colorable, [citation], or is not significantly probative, [citation], summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). That is exactly the case here. Mr. Klitsch's cramped area of origin is unsupported by not only the undisputed evidence but also common sense, and could not be credited by a reasonable factfinder. *See Hoefling v. U.S. Smokeless Tobacco Co., LLC*, No. CV 19-3847, 2021 U.S. Dist. LEXIS 242783, __ F. Supp. 3d __, at *49 (E.D. Pa. Dec. 21, 2021) (A court "need not credit '[u]nsupported assertions, conclusory allegations, or mere suspicions'" when ruling on a motion for summary judgment) (alteration in original) (quoting *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 252 (3d Cir. 2010)).

As this Court explained in *Gopher Baroque Enterprises*, "[a] trial court is not precluded from granting summary judgment merely because expert testimony is admitted. If, even given the proffered expert testimony, the proponent still has failed to present sufficient evidence to get to the jury, summary judgment is appropriate." 2010 U.S. Dist. LEXIS 137238, at *17 (alteration in

original) (quotation marks omitted) (quoting *In re: TMI Litig.*, 193 F.3d 613, 716 (3d Cir. 1999));

*see also Cohen*, 2020 U.S. Dist. LEXIS 163681 at *20 ("[S]imply because a party produces some

expert testimony does not mean a court is precluded from granting summary judgment.") (citations

omitted). That is exactly the case here. Whatever far-fetched hypotheses Mr. Klitsch and Mr.

Eskra might offer, no reasonable fact-finder could rule out the stovetop burner that was left on and

unattended with combustible materials on top of it. The Court therefore should grant summary

judgment to Apple regardless of the ruling on the *Daubert* Motion.

**D.    Apple Is Entitled To Summary Judgment On Plaintiff's Causes of Action For Additional, Independent Reasons.**

1.    There is no evidence of a manufacturing defect.

Apple is independently entitled to summary judgement on Plaintiff's manufacturing defect

claims sounding in both strict liability and negligence, as Plaintiff has no evidence of any

manufacturing defect in the subject iPad. In fact, Plaintiff's battery expert, Mr. Eskra, testified

that there was no manufacturing defect in the subject device. UMF 16. The Court should therefore

grant summary judgment on Plaintiff's manufacturing defect claims based on Plaintiff's own

expert's testimony.

2.    Plaintiff offers no evidence of reasonable alternative design.

Apple is also entitled to summary judgment on Plaintiff's strict liability design defect

claim, as Plaintiff has offered no evidence of a reasonable alternative design. Under Pennsylvania

law, "a threshold issue for determining whether a design is defective … is whether there exists a

reasonable alternative." *Kordek v. Becton, Dickinson & Co.*, 921 F. Supp. 2d 422, 430 (E.D. Pa.

2013).

Mr. Eskra—Plaintiff's only "defect expert"—confirmed that he has no opinions regarding

an alternative design for the subject iPad or its battery management system. UMF 17.

- 13 -

Accordingly, "[w]ithout the establishment of such an alternative [design], the plaintiff cannot prove her strict liability cause of action." *Kordek*, 921 F. Supp. 2d at 433.[4]

        3.    <u>The Apple One (1) Year Limited Warranty expressly and conspicuously disclaims all implied warranties and limits any non-disclaimed warranties to one year.</u>

Plaintiff's implied warranty claims fail because Apple's Limited Warranty for the subject iPad clearly and effectively disclaims implied warranties and limits all non-disclaimed warranties to one year:

> TO THE EXTENT PERMITTED BY LAW, THIS WARRANTY AND THE REMEDIES SET FORTH ARE EXCLUSIVE AND IN LIEU OF ALL OTHER WARRANTIES, REMEDIES AND CONDITIONS, WHETHER ORAL, WRITTEN, STATUTORY, EXPRESS OR IMPLIED. APPLE DISCLAIMS ALL STATUTORY AND IMPLIED WARRANTIES, INCLUDING WITHOUT LIMITATION, WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE AND WARRANTIES AGAINST HIDDEN OR LATENT DEFECTS, TO THE EXTENT PERMITTED BY LAW.  IN SO FAR AS SUCH WARRANTIES CANNOT BE DISCLAIMED, APPLE LIMITS THE DURATION AND REMEDIES OF SUCH WARRANTIES TO THE DURATION OF THIS EXPRESS WARRANTY AND, AT APPLE'S OPTION, THE REPAIR OR REPLACEMENT SERVICES DESCRIBED BELOW.

UMF 2.

"Under Pennsylvania law, a manufacturer may disclaim implied warranties." *See Kenney v. Watts Regulator Co.*, 512 F. Supp. 3d 565, 586-87 (E.D. Pa. 2021).  Manufacturers can exclude the implied warranty of merchantability with a conspicuous disclaimer that explicitly mentions "merchantability."  13 Pa.C.S. § 2316(b).  Similarly, manufacturers can exclude the implied warranty of fitness with a written disclaimer that is conspicuous.  *Id.*

---

[4]    Nor could Plaintiff have adduced any such evidence.  As Mr. Eskra admitted at his deposition, the subject iPad was designed and manufactured in compliance with industry-standard engineering, manufacturing, and quality control procedures and met all applicable safety standards.  Eskra Tr. at 269:17-25.

Apple's Limited Warranty readily meets these requirements.  It states in clear language—on the first page under the heading "WARRANTY LIMITATIONS SUBJECT TO CONSUMER LAW"—that it disclaims all implied warranties, including the "warranties of merchantability and fitness for a particular purpose."  UMF 2 (caps and underlining in original).  Courts applying other states' versions of this Uniform Commercial Code provision have held that Apple's Limited Warranty is enforceable. *See*, *e.g.*, *Minkler v. Apple, Inc.*, 65 F. Supp. 3d 810, 819 (N.D. Cal. 2014) ("Apple's [Limited] Warranty disclaimed all implied warranties in accordance with California law [Cal. Com. Code § 2316(2)] because it stated in clear language and capitalized formatting that Apple 'disclaims all statutory and implied warranties, including without limitation, warranties of merchantability and fitness for a particular purpose and warranties against hidden or latent defects.'").

Even if the Court somehow found the disclaimer ineffective, Apple still would be entitled to summary judgment on the implied warranty claim because the Limited Warranty also clearly provides, in all capitalized letters, that any warranties not disclaimed are limited to the same duration as the Limited Warranty:  one year.  UMF 2.  This language is a valid and enforceable limitation on the duration of implied warranties.  *See* § 2316.  It is undisputed that the subject iPad was purchased in 2016 (UMF 1), meaning that any warranties applicable to that device expired in 2017, three years before the fire at issue in this case.

Plaintiff also alleges that Apple breached an express warranty that the subject iPad would be "free of defects."  *First Am. Compl.*, ¶¶ 44-45, 49.  That claim fails at the threshold because, by its express terms, the Limited Warranty applies only to "defects in materials and workmanship."  UMF 2.  Plaintiff does not claim, let alone prove, any such defect that might be covered by the Limited Warranty.  UMF 16.  Moreover, the Limited Warranty is for one year and expired years

ago—long before the filing of this lawsuit.  UMF 1-2.  Finally, even if the Limited Warranty somehow were applicable and still in force, there still can be no breach here because Plaintiff cannot establish that the subject iPad was defective or caused the fire for the reasons set forth in Parts III(B) and (C) above.

Accordingly, Apple is entitled to summary judgment on Plaintiff's breach of warranty claim because it disclaimed the implied warranties that Plaintiff alleges (UMF 2), all express and implied warranties applicable to the subject iPad lapsed in 2017 (UMF 1-2), and the express Limited Warranty does not apply to design defects like those alleged by Plaintiff here (UMF 2, 16).  *See Mack Trucks Inc. v. BorgWarner Turbo Sys., Inc.*, 508 F. App'x 180, 184-85 (3d Cir. 2012) (granting summary judgment to defendant under Pennsylvania law because alleged design defect not covered by express "material and workmanship warranty"); *Kenney*, 512 F. Supp. 3d at 588 (granting summary judgment to defendant who "effectively waived all warranties, including the implied warranties of merchantability and fitness").

## IV.    Conclusion

For the reasons set forth above, Apple respectfully requests that the Court grant its motion for summary judgment in its entirety and enter judgment in its favor.

Dated: April 28, 2022                   Respectfully submitted,

                                        By: */s/ Basil A. DiSipio*
                                        Basil A. DiSipio, Esquire
                                        PA ID No. 28212
                                        Lavin, Cedrone, Graver, Boyd & DiSipio
                                        190 N. Independence Mall West, Suite 500
                                        Philadelphia, PA 19106
                                        Email: bdisipio@ lavin-law.com
                                        Phone: (215) 627-0303
                                        Fax: (215) 627-2551

                                        Stephen M. Copenhaver, Esquire, *pro hac vice*
                                        ArentFox Schiff LLP
                                        1185 Avenue of the Americas, Suite 3000,

New York, NY 10036
Email: Steve.Copenhaver@afslaw.com
Phone: (312) 358-5648

*Attorneys for Defendant Apple Inc.*